## YANTIS, ET AL. vs. YOURIE.

In an action by A and B, on a note payable to "the Trustees of the town of Dover," it is competent for plaintiffs to prove by parol that they were the "Trustees of the town of Dover," or that the note was given to them by that name. Any fact tending to prove this is competent.

## ERROR to Lafayette Circuit Court.

HICKMAN & WELLS, *for Plaintiff in error, insist:*

1. A party may maintain an action on a note given to him by a wrong or artificial name. 1 Monroe, 175; 2 Starkie, N. P. C., 29.

2. When the proper averments are made in a declaration, parol evidence is competent to prove, who was intended by the name in the note.

3. The deed and notes were legal evidence, tending to prove the allegations in the declaration.— The deed to prove that plaintiffs were trustees—the notes to prove that such notes were given.

4. If the notes are not legal evidence, it must be because the plaintiffs cannot recover in such cases. The proofs correspond with the declaration strictly. If so, there ought to have been a demurrer to the declaration. Defects in a declaration cannot be reached by excluding appropriate and legal evidence.

HAYDEN, *for Defendant in error, insists:*

1. That it devolves upon the plaintiffs, to maintain their action against the defendants upon the notes sued on, to *prove* that they were and are "The trustees of the addition to the town of Dover," and that it does not devolve upon the defendant to show that they are not "The trustees of said addition." 8 Wend. R., 480; 15 do., 315; 1 Condensed Rep. U. S., 371; 2 Johns. R., 109; 2 Cowen, 664; 6 Wheaton, 593; 2 Term R., 169; 5 Com. Law Rep., 216; 3 Johns. Rep , 477.

2. That the evidence offered by the plaintiffs to prove that they were "The trustees of the addition of the town of Dover," was not competent or admissible to prove the fact; and that the Circuit Court did not err upon the trial of the cause, in rejecting the same; and consequently committed no error in refusing to set the non-suit aside, &c., upon the motion of the plaintiffs therefor. 1 Greenleaf on Evidence, p. 316, sec. 266; Digest 1835, p. 283, sec. 10.

3. That the evidence offered by plaintiff was properly rejected, because it conduced to show that the plaintiffs had sold defendant lots as the consideration of the notes sued on, situate in a town laid out by them, whereof no plat had been filed in the Recorder's Office prior to the sale. 7 Mo. R., 585, Downing vs. Ringer.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit on several promissory notes, executed by the defendant in error to the plaintffs, by the name and description of "the trustees for the addition to the town of Dover." The declara-

tion was in the proper form, avering that the notes were executed to the plaintiffs by the name and description of the trustees for the addition to the town of Dover. On the trial the plaintiffs offered to prove by witness, that they were the trustees for the addition to the town of Dover; that they had acted as such, that as such, notes had been executed to them by that description, and that they were known as such trustees.— This evidence was excluded by the court. The plaintiffs then offered to read a deed showing that they had been made trustees for the addition to the town of Dover, by the owners of the land on which the addition was laid out. This was likewise excluded. The plaintiffs, after offering to read the notes, took a non-suit and have brought the case to this Court.

We do not see on what principle, the evidence offered by the plaintiffs was rejected. If a note could be taken by them by the name and description of the trustees for the addition to the town of Dover, it is clear that evidence was admissible to show that they were the persons designated by that description. Any testimony tending to prove the fact was competent. This is similar to a suit by the members composing a firm. A mercantile partnership might assume the name and style assumed by the plaintiffs; would not the ordinary evidence of a partnership in that event be sufficient to show who were the persons composing the firm? Although a partnership is created by deed, yet it may be shown by parol evidence, who are the persons composing it.

The statute concerning the laying off of towns, had nothing to do with this matter. So far as the point involved in this case is concerned, it is indifferent whether there was any addition to the town of Dover, or not, or in what manner it was laid off, or by whom. The only question was, whether the plaintiffs were the persons designated by the description of "the trustees for the addition to the town of Dover." The evidence clearly conduced to establish this fact, and was beyond all question admissible. It was a matter of indifference, whether the plaintiffs arbitrarily and capriciously assumed the description, or whether they really were the trustees for the addition to the town.

The other Judges concurring, the judgment will be reversed and the cause remanded.